UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TOP FLIGHT TECHNOLOGIES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-10460-ADB |
| | * | |
| TRUEDYNAMIC, LLC, and | * | |
| JAMES PLUNKETT, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Top Flight Technologies, Inc. ("Top Flight") filed this breach of contract action against TrueDynamic, LLC ("TrueDynamic") and its sole member, James Plunkett. Currently pending before the Court is Defendants' joint motion to dismiss for lack of subject matter jurisdiction on the grounds that Top Flight has failed to establish complete diversity of citizenship among the parties. [ECF No. 26]. For the following reasons, the motion is GRANTED without prejudice to Top Flight's right to file an amended complaint within 21 days of the entry of this order.

### I. BACKGROUND

Top Flight, a provider of unmanned aerial vehicles, otherwise known as drones, engaged Defendants for assistance with its product development. [ECF No. 1 at ¶¶ 10, 12, 16] ("Complaint"). As of September 17, 2014, the parties entered into a consulting agreement (the "Consulting Agreement") pursuant to which Defendants would provide Top Flight with carbon fiber components and related services, and cooperate with Top Flight on certain future projects, consistent with terms which were to be negotiated and memorialized in the form of work orders.

Id. ¶ 16. Defendants purportedly failed to meet deadlines or otherwise comply with the terms of the Consulting Agreement and related work orders, and, as a result, Top Flight lost business opportunities and suffered other financial and reputational harm. Id. ¶¶ 16, 28, 40, 43.

On March 4, 2016, Top Flight filed its Complaint asserting seven state-law causes of action.[1] On May 3, 2016, TrueDynamic and Plunkett each separately moved to dismiss for failure to state a claim. [ECF Nos. 9, 11]. On November 21, 2016, the Court held a hearing on the motions and dismissed with prejudice the tortious interference claim (count IV) as to both Defendants, and dismissed the claims for fraud and deceit (count V), negligent misrepresentation (count VI), and violations of Chapter 93A (count VII) as to both Defendants with leave to amend the Complaint by January 17, 2017. [ECF Nos. 18, 19]. The motions were denied with respect to the remaining counts. Id. Top Flight never amended the Complaint or otherwise requested leave to do so.

On April 27, 2017, the Court ordered the parties to file a joint status report and a proposed scheduling order by May 11, 2017, and subsequently extended the deadline to file these materials until June 12, 2017. [ECF Nos. 21, 23]. Prior to June 12, Defendants jointly filed the instant motion to dismiss, arguing that because Top Flight asserts only state-law claims and the parties are all citizens of Massachusetts, the Court lacks subject matter jurisdiction.

## II. LEGAL STANDARD

Top Flight asserts subject matter jurisdiction solely on the basis of complete diversity among the parties. "Once jurisdictional allegations are challenged, the party asserting diversity

---

[1] The Complaint includes the following causes of action: breach of contract (count I); breach of the implied covenant of good faith and fair dealing (count II); unjust enrichment (count III); interference with contractual, advantageous, and/or business relations (count IV); fraud and deceit (count V); negligent misrepresentation (count VI); and violations of Chapter 93A (count VII). Compl. ¶¶ 44−78.

has the burden of establishing those allegations with competent proof." Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991). "[C]omplete diversity among the parties [is required] to sustain diversity jurisdiction," Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004), meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

For purposes of diversity jurisdiction, a corporation has "dual citizenship:" "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." de Walker v. Pueblo Int'l, Inc., 569 F.2d 1169, 1170 (1st Cir. 1978) (quoting 28 U.S.C. § 1332(c)); see 13F Charles A. Wright et al., Federal Practice & Procedure § 3624 (3d ed. 2017) ("Thus, for example, when an enterprise incorporated in Delaware and having its principal place of business in Ohio is a party to a suit, diversity is lacking if any adverse party is a citizen either of Delaware or of Ohio."). In contrast, "the citizenship of a limited liability company is determined by the citizenship of all of its members." Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). An individual is "a citizen of the state in which he is domiciled," which is "the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992) (citations and quotations omitted). "Domicile is determined as of the time the suit is filed, and once diversity jurisdiction is established, it is not lost by a later change in domicile." Id.

"If the [C]ourt determines at any time that it lacks [subject matter] jurisdiction, the [C]ourt must dismiss the action," Fed. R. Civ. P. 12(h)(3), and parties cannot waive or confer

subject matter jurisdiction "by indolence, oversight, acquiescence, or consent." United States ex rel.Willette v. Univ. of Mass., Worcester, 812 F.3d 35, 45 (1st Cir. 2016) (citation omitted).

## III. DISCUSSION

Defendants argue that Top Flight has failed to establish complete diversity because all of the parties are citizens of Massachusetts. With respect to Top Flight, the Complaint itself identifies Top Flight as a Delaware corporation with its "principal place of business" in Massachusetts. Compl. ¶ 4; see also id. ¶10 (Top Flight has "its headquarters located in Malden, Massachusetts"). Thus, by its own admission, Top Flight is a citizen of Massachusetts.

Top Flight asserts diversity jurisdiction by alleging that Plunkett is a citizen of New Hampshire, relying on certain provisions of the Consulting Agreement that identify Plunkett's residence at a New Hampshire address. [ECF No. 30-1 at 2]. To establish his Massachusetts citizenship, Plunkett attached an affidavit to his motion to dismiss in which he avers that he has at all times been the sole member of TrueDynamic and that the Consulting Agreement erroneously identifies TrueDynamic's business address as his residential address.[2] [ECF No. 26-1 at ¶¶ 2, 6]. He stated in the affidavit that he has resided in Boxford, Massachusetts continuously from August 2006 to the present, and that he lived there when the case was filed. Id. at ¶¶ 3−5. Moreover, for many years, including at the time this case was filed, he was registered to vote in Massachusetts, participated in Boxford town meetings and elections, possessed a Massachusetts driver's license, registered his automobile in Massachusetts, filed Massachusetts resident tax returns (and intends to do so for the 2016 tax year), and maintained

---

[2] The Court "is not bound by the allegations in the pleadings" and "can look beyond the pleadings—to affidavits and depositions—in order to determine jurisdiction." White v. Comm'r, 899 F. Supp. 767, 771 (D. Mass. 1995); see also Mach. Project, Inc. v. Pan Am. World Airways, Inc., 199 F. Supp. 3d 382, 387 (D. Mass. 2016) ("[T]he Court enjoys broad authority to consider extrinsic evidence in order to determine its own jurisdiction in the face of a jurisdictional challenge.").

retirement and bank accounts in Massachusetts. Id. ¶¶ 7, 9–14. See Tinkham v. Perry, No. 12−00229, 2013 WL 2046692, at *3 (D. Me. Apr. 2, 2013) (quoting Padilla-Manqual v. Pavia Hosp., 516 F.3d 29, 32 (1st Cir. 2011)) ("Numerous factors are relevant in determining whether [an individual] is domiciled in a given state, including 'the place where civil and political rights are exercised, taxes paid, real and personal property . . . located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment.'"). Top Flight's allegation to the contrary states only that Plunkett is a New Hampshire resident, and makes no allegations about citizenship, which is distinct from residency. See Bank One, Tex., N.A., 964 F.2d at 53 ("citizenship or domicile, not residence, is the basis for subject matter jurisdiction."); Gans v. Gant, No. 12–279, 2013 WL 3354436, at *3 (D.N.H. July 3, 2013) (citing Cameron v. Hodges, 127 U.S. 332, 325 (1888)) ("Mere allegations of 'residency' rather than 'citizenship,' are insufficient to invoke this court's diversity jurisdiction."). Even assuming, *arguendo*, that the Consulting Agreement accurately reflected Plunkett's residence in September 2014, the Consulting Agreement does not establish that he was still a New Hampshire resident, let alone a New Hampshire citizen, in March 2016, when the case was filed. See Bank One, Tex., N.A., 964 F.2d at 50–53 (where plaintiff's documentary evidence "did not necessarily conflict" with defendant's assertions regarding the lack of diversity among the parties, plaintiff failed to establish subject matter jurisdiction). Top Flight has not offered any evidence to show that Plunkett was a citizen of New Hampshire in March 2016 and has therefore failed to establish that the Court has subject matter jurisdiction.[3]

---

[3] Because Plunkett (the sole member of TrueDynamic) is a citizen of Massachusetts, so is TrueDynamic. As stated above, "Diversity for [a limited liability company] is determined by the citizenship of its members, not by the state of its formation." Lynx Sys. Developers, Inc. v. Zebra Enter. Sols. Corp., No. 15−12297, 2016 WL 1170959, at *2 (D. Mass. Mar. 23, 2016) ("While [the limited liability company] may be organized under the laws of Delaware, its members . . .

As an alternative to dismissal, Top Flight requests leave to amend the Complaint to "correct any . . . deficiencies and properly allege a sufficient basis for subject matter jurisdiction in this action." [ECF No. 30 at 9]. The "grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). Here, Top Flight has not provided any indication as to how it intends to cure the jurisdictional defects and has not provided the Court with a proposed amended complaint. See Barricello v. Wells Fargo Bank, N.A., No. 13–12795, 2016 WL 1244993, at *9 (D. Mass. Mar. 22, 2016) ("Ordinarily, a plaintiff's failure to explain the basis for amendment is a sufficient reason to deny leave to amend."). Although it appears that any effort to amend may be futile, the Court will nonetheless grant Top Flight leave to file an amended complaint that demonstrates that this Court has jurisdiction. Accordingly, Top Flight is granted 21 days from the entry of this order to file its amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [ECF No. 26] is GRANTED without prejudice to Top Flight's right to file an amended complaint within 21 days of the entry of this order.

**SO ORDERED.**

Dated: November 30, 2017     /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

are citizens of Massachusetts. Thus, [the limited liability company] is regarded as a citizen of Massachusetts for diversity purposes.").